IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WOODARD | : |
| | :    CIVIL ACTION |
| v. | : |
| | :    NO. 02-8543 |
| DONALD T. VAUGHN, et al. | : |

**MEMORANDUM**

YOHN, J.                                                                                                September 11, 2014

Robert Woodard, a prisoner in the State Correctional Institution at Graterford, filed a pro se motion pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from the court's July 9, 2003 order denying his first petition for federal habeas relief as untimely. For the following reasons, Woodard's motion will be denied.

**I.      Background**[1]

On December 10, 1992, following a jury trial in the Philadelphia Court of Common Pleas, Woodard was convicted of five counts of robbery, four counts of burglary, three counts of possessing an instrument of crime, and one count of rape. He was sentenced to a term of forty-eight to ninety-six years' imprisonment.

The Pennsylvania Superior Court affirmed Woodard's convictions and sentence on May 5, 1994, after which Woodard began a series of collateral attacks. Acting pro se, Woodard filed his first petition under the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541-9546 ("PCRA"), in the Court of Common Pleas of Philadelphia County on July 5, 1994. After the court appointed counsel to represent Woodard, counsel filed an amended PCRA petition on December 14, 1994. The court denied this amended petition on September 9, 1996, the

---

[1] The procedural history is drawn largely from Magistrate Judge Diane M. Welsh's report and recommendation in response to Woodard's first habeas petition. *See* Civ. No. 02-8543, Report & Recommendation, Apr. 29, 2003.

Pennsylvania Superior Court affirmed on May 14, 1998, and the Pennsylvania Supreme Court denied allocatur on October 6, 1998.  Woodard subsequently filed two additional PCRA petitions in 1998 and 2000, which were dismissed as untimely in 1999 and 2002, respectively.[2]  The Pennsylvania Superior Court affirmed both of these dismissals.

Woodard filed his first federal habeas petition under 28 U.S.C. § 2254 on November 19, 2002, which I dismissed as untimely on July 9, 2003.  The Third Circuit denied Woodard's motion for a certificate of appealability on December 11, 2003, and denied his petition for rehearing on January 26, 2004.

Woodard then filed a second federal habeas petition under 28 U.S.C. § 2241 on March 9, 2005, which I denied on October 4, 2005, finding that Woodard had not asserted a claim cognizable on federal habeas review.  Woodard filed a motion for reconsideration of that dismissal, which I denied on February 2, 2006.  The Third Circuit denied Woodard's request to file a successive habeas petition on January 17, 2007.

On December 18, 2007, Woodard filed a motion under Federal Rule of Civil Procedure 60(b)(6) for relief from the court's July 9, 2003 order dismissing his first habeas petition.  I denied that motion on July 30, 2008.  Woodard moved for reconsideration on August 12, 2008, which I denied on October 21, 2008.

On May 12, 2014, Woodard filed the instant motion under Rule 60(b)(6), again seeking relief from the court's July 9, 2003 order dismissing his first habeas petition.  The District Attorney's Office filed a response, and Woodard filed a reply.

---

[2] Woodard's third petition was styled as a petition for a writ of habeas corpus pursuant to the Pennsylvania Constitution, but the Court of Common Pleas treated the petition as having been brought under the PCRA.

**II.     Discussion**

"Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any . . . reason' other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014). However, "courts are to dispense their broad powers under 60(b)(6) only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Id.* (internal quotation marks omitted). Here, Woodard argues that the U.S. Supreme Court's recent opinion in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), provides such extraordinary circumstances, justifying relief from the court's 2003 order dismissing his first federal habeas petition.

In *McQuiggin*, the Supreme Court held that federal habeas petitioners can in rare cases overcome a procedural bar or statute of limitations by making a convincing showing of "actual innocence." *Id.* at 1928. As an example, in *McQuiggin* the petitioner offered new evidence first available years after he was convicted that someone else had carried out the murder for which he was sentenced to life in prison. The Supreme Court sided with petitioner, but cautioned that the "miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 1933 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The Third Circuit recently clarified that while "a change in controlling precedent, even standing alone, might give reason for 60(b)(6) relief," as a practical matter "intervening changes in the law *rarely* justify relief from final judgments under 60(b)(6)." *Cox*, 757 F.3d at 121. But even assuming *arguendo* that the change in precedent of *McQuiggin* represents sufficiently extraordinary circumstances to trigger Rule 60(b)(6) relief in the abstract, Woodard fails to show that *McQuiggin* has any bearing on his case in particular. Indeed, Woodard offers up no "new

evidence" whatsoever to establish his actual innocence, let alone evidence so convincing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327).

Instead, Woodard merely repeats the same arguments regarding right to counsel of choice and attorney ineffectiveness that he made in his first federal habeas petition more than a decade ago and seeks to relitigate issues that have long ago been decided.  Then as now, those arguments speak only to alleged error, not actual innocence.  For Woodard, therefore, the Supreme Court's decision in *McQuiggin* does not represent the kind of "extraordinary circumstances" where "an extreme and unexpected hardship would occur" in the absence of relief under Rule 60(b)(6).  *Cox*, 757 F.3d at 121.

Woodard's motion must consequently fail for an additional reason: it is time-barred by the terms of Rule 60 itself.  Rule 60 provides that "[a] motion under Rule 60(b) must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  The Third Circuit interpreted that standard in *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342 (3d Cir. 1987), concluding there that movants' Rule 60(b)(6) motion was untimely as it was filed two years after the judgment that provided "the reason for the attack."  *Id.* at 1348; *accord Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007) (nonprecedential) ("A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner.").  Here, the reasons for Woodard's attack have not changed for over a decade, and Woodward has not pointed to any "extraordinary circumstances" excusing such a delay.  As a result, Woodard's motion is untimely under Rule 60(c)(1).

Moreover, even assuming the timeliness inquiry starts as of the date of the *McQuiggin* decision, the motion fails on the merits because, as explained, it presents no "new evidence" that makes it "more likely than not that no reasonable juror would have convicted him."

For the foregoing reasons, I will deny Woodard's motion for relief from the court's July 9, 2003 order under Rule 60(b)(6).  An appropriate order follows.