IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT L. WOODARD, | : | |
| Petitioner, | : | CIVIL ACTION NO. 02-8543 |
| v. | : | |
| JOHN E. WETZEL, et al., | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                  September 6, 2018

      The *pro se* petitioner is currently serving a period of 48 to 96 years of state incarceration after his 1992 convictions for numerous offenses, including robbery, burglary, and rape. After unsuccessful attempts to challenge his conviction and sentences on direct appeal and initial collateral review, the petitioner filed a habeas petition under 28 U.S.C. § 2254 in this court in 2002. The court denied the petition in 2003, finding that the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations barred the petition. The petitioner appealed from that decision only to have the Third Circuit deny his request for the issuance of a certificate of appealability. In the almost 15-year period following the Third Circuit's denial, the petitioner has filed five motions seeking relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure.

      Currently before the court is the fifth of those motions, which seeks relief based essentially on claims that the petitioner had to participate in certain pretrial proceedings in the underlying state court matter without counsel in violation of his Sixth Amendment right to counsel. The petitioner appears to argue that he may assert these claims under the actual innocence exception recognized by the Supreme Court in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Unfortunately for the petitioner, although he mentions actual innocence generally, he has pointed to no evidence showing that "no juror, acting reasonably, would have voted to find

him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (citation and internal quotation marks omitted). Instead, he has attempted to assert new Sixth Amendment right to counsel claims, which constitute not grounds for Rule 60(b)(6) relief; rather, they are an improper attempt to assert a second or successive habeas petition without obtaining prior approval from the Court of Appeals for the Third Circuit. As such, the court must dismiss the motion because the court lacks jurisdiction to consider these new claims. Nonetheless, even if the court could consider the claims as part of a Rule 60(b)(6) motion, the petitioner would not be entitled to relief.

## I. BACKGROUND AND PROCEDURAL HISTORY

This court has previously described most of the extensive procedural history of this matter as follows:

> From November 2002, when the *pro se* movant, Robert L. Woodard ("Woodard"), filed his first petition for writ of habeas corpus under 28 U.S.C. § 2254, until November 17, 2015, when Chief Judge Petrese B. Tucker reassigned this case to the undersigned, the Honorable William H. Yohn, Jr. presided over this matter and Woodard's other related cases challenging his state court conviction and sentence. As such, the court incorporates Judge Yohn's most-recent description of the procedural history of this matter, including the relevant state-court history, which is as follows:
>
>> On December 10, 1992, following a jury trial in the Philadelphia Court of Common Pleas, Woodard was convicted of five counts of robbery, four counts of burglary, three counts of possessing an instrument of crime, and one count of rape. He was sentenced to a term of forty-eight to ninety-six years' imprisonment.
>>
>> The Pennsylvania Superior Court affirmed Woodard's convictions and sentence on May 5, 1994, after which Woodard began a series of collateral attacks. Acting pro se, Woodard filed his first petition under the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541-9546 ("PCRA"), in the Court of Common Pleas of Philadelphia County on July 5, 1994. After the court appointed counsel to represent Woodard, counsel filed an amended PCRA petition on December 14, 1994. The court denied this amended petition on September 9, 1996, the Pennsylvania

2

> Superior Court affirmed on May 14, 1998, and the Pennsylvania Supreme Court denied allocatur on October 6, 1998. Woodard subsequently filed two additional PCRA petitions in 1998 and 2000, which were dismissed as untimely in 1999 and 2002, respectively. The Pennsylvania Superior Court affirmed both of these dismissals.
>
> Woodard filed his first federal habeas petition under 28 U.S.C. § 2254 on November 19, 2002, which I dismissed as untimely on July 9, 2003. The Third Circuit denied Woodard's motion for a certificate of appealability on December 11, 2003, and denied his petition for rehearing on January 26, 2004.
>
> Woodard then filed a second federal habeas petition under 28 U.S.C. § 2241 on March 9, 2005, which I denied on October 4, 2005, finding that Woodard had not asserted a claim cognizable on federal habeas review. Woodard filed a motion for reconsideration of that dismissal, which I denied on February 2, 2006. The Third Circuit denied Woodard's request to file a successive habeas petition on January 17, 2007.
>
> On December 18, 2007, Woodard filed a motion under Federal Rule of Civil Procedure 60(b)(6) for relief from the court's July 9, 2003 order dismissing his first habeas petition. I denied that motion on July 30, 2008. Woodard moved for reconsideration on August 12, 2008, which I denied on October 21, 2008.
>
> On May 12, 2014, Woodard filed the instant motion under Rule 60(b)(6), again seeking relief from the court's July 9, 2003 order dismissing his first habeas petition. The District Attorney's Office filed a response, and Woodard filed a reply.

Mem[.] at 1-2 (internal footnote omitted), Doc. No. 30.[1]

On September 11, 2014, Judge Yohn filed a memorandum opinion and order denying Woodard's Rule 60(b)(6) motion. Doc. Nos. 30, 31. Woodard filed a motion for reconsideration of the denial order on or about September 24, 2014.[2] Doc. No. 32. Judge Yohn denied the motion for reconsideration via an order on October 1, 2014. Doc. No. 34.

---

[1] Although not referenced in Judge Yohn's procedural history, this court notes that Woodard's section 2241 habeas petition was docketed and resolved at Civil Action No. 05-cv-1109. In addition, for unknown reasons, Woodard's first Rule 60(b) motion was docketed in this action and also at Civil Action No. 07-cv-5316[, and Judge Yohn appears to have denied the motion under that other docket number, *see* July 30, 2008 Memorandum and Order, *Woodard v. Vaughn*, Civ. A. No. 07-5316, Doc. No. 5].

[2] Although the Clerk of Court did not docket the motion until September 26, 2014, it appears under the prisoner mailbox rule that Woodard gave the motion to prison officials on September 24, 2014. Doc. No. 32 at ECF p. 14, 15. As such, the court has used September 24, 2014 as the filing date. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (concluding that a *pro se* prisoner's notice of appeal was considered filed "at the time petitioner delivered it

> Woodard filed [a] "Motion to Vacate Order Denying Habeas Corpus Relief Pursuant to Fed.R.Civ.Proc. Rule 60(b)(6)" (the "Motion") on or about November 12, 2015. Doc. No. 34.

February 29, 2016 Mem. Op. at 1-3 (footnotes in original), Doc. No. 36. This court determined that Woodard's November 12, 2015 Rule 60(b)(6) motion was actually an unauthorized second or successive habeas petition and, as such, the court denied the motion on February 29, 2016. Doc. Nos. 36, 37.

On June 9, 2016, the Clerk of Court docketed another Rule 60(b)(6) motion from Woodard. Doc. No. 38. The court denied the motion on July 19, 2016. Doc. No. 39. Woodard then filed the instant Rule 60(b)(6) motion, his fifth Rule 60(b)(6) motion, which the Clerk of Court docketed on June 15, 2018.[3] Doc. No. 40. In all respects, this motion is almost identical to the June 9, 2016 Rule 60(b)(6) motion.

## II. DISCUSSION

### A. Arguments Raised In The Motion

As far as the court can discern, Woodard claims that he is moving under Rule 60(b)(6) for relief from the order denying his first habeas petition on July 9, 2003, based on "extraordinary due process grounds," namely the Third Circuit's decision in *Satterfield v. District Attorney Philadelphia*, 872 F.3d 152 (2017). *See* Mot. at 1.[4] In elaborating on this claim, Woodard asserts as follows:

> [A]fter twenty-five years no court has ruled on Petitioners [sic] claims that he had a right to the appointment of counsel for his criminal defense during the

---

to the prison authorities for forwarding to the court clerk"); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (explaining that "a pro se prisoner's . . . petition is deemed filed at the moment he delivers it to prison officials for mailing").

[3] After looking at one of Woodard's state-court dockets, CP-51-CR-220171-1992, it shows that the Court of Common Pleas of Philadelphia County entered an order on November 21, 2017, dismissing Woodard's **14th** PCRA petition. *See* https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-0220171-1992 (last accessed August 29, 2018).

[4] Woodard does not title the document.

> Commonwealth's requested court[-]ordered pretrial hearings and court-ordered identification proceeding which were held in the Philadelphia County Municipal Courthouse. Indeed, federal court's [sic] several times before in the name of procedural bar declined to reach the merits of Petitioner's case, without peering to [sic] deeply into Petitioner's uncounseled court-ordered procedural abyss. The Commonwealth's deprivation of Petitioner's right to the appointment of counsel is ripe for review.
>
> Still, as is often the case in pro se matters, the Philadelphia County Municipal Court's court[-]ordered records was [sic] sufficiently clear to suggest the proper course in this case that between January 28, 1992 throughout February 13, 1992, the appointment of counsel was needed in this case to represent the Petitioner before the Philadelphia County Municipal Courthouse. The omissions alleged by the Petitioner "were not mere mistakes of the Philadelphia County Municipal Court or errors in the course of the proceedings". [sic] If true, they constituted a total failure by the Court to appoint counsel in any fundamental respect. Such uncounseled court-ordered hearings and court-ordered identification proceedings would not constitute for the accused defendant the fair trial contemplated by the due process clause. Thus, it follows that Petitioner must have an opportunity to support the allegations of his petition, by proof, in a hearing before the District Court.

*Id.* at 1-2.

Regarding the period between January 28, 1992, to February 13, 1992, Woodard contends that he did not have counsel at (1) a January 28, 1992 "Pretrial Court-Ordered Identification Examination in the Philadelphia County Municipal Courthouse before the Honorable Georganne V. Daher," (2) a January 29, 1992 "Court[-]Ordered Pretrial Lineup in the Philadelphia County Prison Detention Center," (3) a February 6, 1992 "Court-Ordered Preliminary Hearing in the Philadelphia County Municipal Courthouse before the Honorable Lydia Kirkland,"[5] and (4) a February 13, 1992 "Court-Ordered Preliminary Hearing in the Philadelphia County Municipal Courthouse before the Honorable Lynwood Blount." *Id.* at 3-5. He claims that the lack of counsel during these preliminary proceedings "infected all later stages of his prosecution and rendered all subsequent trial, direct appeals and post-conviction

---

[5] Despite referencing Judge Kirkland here, Woodard goes on to assert that "Judge Blount" determined that the Commonwealth had established a prima facie case. *See* Mot. at 4.

proceedings against him void." *Id.* at 6. As such, he claims that the court should reopen the case and grant his request for habeas relief. *Id.* at 9.

### B. Analysis

As indicated above, the instant Rule 60(b)(6) motion is almost identical to the Rule 60(b)(6) motion Woodard filed on June 9, 2016.[6] The court denied the motion after concluding that, although clothed as a Rule 60(b)(6) motion, the motion was actually a second or subsequent habeas petition that required authorization from the Third Circuit before Woodard filed it. *See* Order at 1, n.1, Doc. No. 39. Woodard's reference to *Satterfield* in the instant motion, with no substantive discussion of the Third Circuit's decision in that case, does not compel the court to deviate from the prior conclusion that this is a second or subsequent habeas petition requiring prior authorization from the Third Circuit.

In this regard, the starting point with analyzing whether the instant motion is actually a second or subsequent habeas petition is the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In *Gonzalez*, the Court addressed "whether, in a [section 2254] habeas case, such motions are subject to the additional restrictions that apply to 'second or successive' habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(b)." 545 U.S. at 526. In analyzing this issue, the Court pointed out that "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id.* at 531. "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Id.*

---

[6] The only differences that the court has located are that (1) instead of using "et al." in the caption, Woodard uses "et at.," (2) the prior motion was directed to the undersigned, and the instant motion is directed to Judge Yohn, (3) the instant motion is not titled and does not contain an "Introduction" heading on the first page, (4) and the prior motion indicated that Woodard was entitled to relief under *McQuiggin* rather than *Satterfield*. *Compare* Doc. No. 38, *with* Doc. No. 40.

The Court then provided examples of Rule 60(b) motions containing claims that are "in substance a successive habeas petition and should be treated accordingly." *Id.* Those examples included: (1) "owing to 'excusable neglect,' Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error and [the movant] seek[s] leave to present that claim[;]" (2) "seek[ing] leave to present 'newly discovered evidence,' Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied[;]" and (3) "contend[ing] that a subsequent change in substantive law is a 'reason justifying relief,' Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim." *Id.*

The Court then explained that

> [a] habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: Even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however,

when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 531-32 (emphasis in original) (footnotes omitted).

After *Gonzalez*, the relevant inquiry in deciding whether a Rule 60(b) motion is actually a second or successive habeas corpus petition is determining whether the motion advances a "claim." *See Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) (citing *Gonzalez*, 545 U.S. at 531). If, however, "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Gonzalez*, 545 U.S. at 533.

Here, although Woodard mentions *Satterfield* and *McQuiggin*, he does not discuss how he is actually innocent of the underlying crimes. Instead, he attempts to advance claims that he was denied his right to counsel under the Sixth Amendment during certain pretrial proceedings.[7] Through these claims, he is attempting to have the court set aside his state conviction, and they have no bearing upon the grounds by which Judge Yohn denied his original habeas petition in 2003. Therefore, the instant motion is properly characterized as a second or successive habeas petition and, as Woodard did not receive authorization from the Third Circuit before filing it, this court lacks subject-matter jurisdiction to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (providing that district court lacks jurisdiction to consider "second or successive" habeas petition challenging same conviction as prior petition unless petitioner first "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application"); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither

---

[7] The court recognizes that technically the claim is not "new" insofar as he included it in his June 2016 Rule 60(b)(6) motion.

8

sought nor received authorization from the Court of Appeals before filing his . . . 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998) ("An individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." (citing 28 U.S.C. § 2244(b)(3)(A)).

Although the instant motion is a second or subsequent habeas petition, even if the court considered it as a Rule 60(b)(6) motion, Woodard is not entitled to relief. Rule 60(b) provides that a party may file a motion seeking relief from "a final judgment, order, or proceeding" for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Any Rule 60(b) motion not raising a claim under reasons (1), (2), or (3), "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Also, with respect to Rule 60(b)(6) motions, "courts are to dispense their broad powers under [Rule] 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).

In this case, Woodard references *Satterfield* as the basis for the court to grant him relief. As already stated, he has referenced *Satterfield* one time in his motion with no discussion concerning the holding in the case.[8] He has essentially substituted the case for his reference to *McQuiggin* in his June 2016 Rule 60(b)(6) motion. *Compare* Doc. No. 38 at 1, *with* Doc. No. 40 at 1. Nonetheless, he appears to be asserting that, as determined by *McQuiggin*, a habeas petitioner's showing of actual innocence would allow a court to consider the petitioner's claims despite a bar such as the AEDPA's statute of limitations. *See* Mot. at 1, 2-3; *see also McQuiggin*, 569 U.S. at 386 ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in [*Schlup v. Delo*, 513 U.S. 298 (1995)] and [*House v. Bell*, 547 U.S. 518 (2006)], or, as in this case, expiration of the statute of limitations.").

The problem with Woodard's attempt to rely on *McQuiggin* or *Satterfield* is that even if they provided him with an avenue for relief, he has failed to establish that they apply because he has failed to make any showing of actual innocence, which is "a burdensome task that requires a petitioner to 'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Satterfield*, 872 F.3d at 163 (quoting *McQuiggin*, 133 S.Ct. at 1928). As succinctly stated by Judge Yohn in 2014, "Woodard offers up no 'new evidence' whatsoever to establish his actual innocence, let alone evidence so convincing that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Mem. at 4 (citations and internal quotation marks omitted), Doc. No. 30.

---

[8] In *Satterfield*, the Third Circuit concluded that *McQuiggin*, in combination with other equitable factors, could justify Rule 60(b)(6) relief in certain circumstances. *See* 872 F.3d at 162 (vacating district court's order denying Rule 60(b)(6) motion based on *McQuiggin* as exceptional circumstance and remanding for consideration and weighing of equitable factors along with the nature of the change in decisional law caused by *McQuiggin*).

In the first instance, Woodard has offered the court no more than his unsubstantiated allegations that he did not have counsel during certain proceedings in the Philadelphia County Municipal Courthouse. The public docket that Woodard references, namely MC-51-CR-122761-1991, appears to reference an entirely different criminal matter that does not involve him. *See* https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=MC-51-CR-0122761-1991 (last accessed September 1, 2018) (docket for *Commonwealth v. William Marshall, Jr.*). In addition, his allegations in the motion do not state how the purported absence of counsel somehow resulted in any event occurring that affected his state court proceedings. For example, while Woodard alleges that he was forced to participate in a court-ordered lineup without the assistance of counsel, he does not allege that the lineup resulted in a positive identification of him or that this positive identification was used as evidence against him at trial.[9] All of his arguments relate to alleged error in the state court and not his actual innocence. Accordingly, even if this was a proper Rule 60(b)(6) motion, Woodard would not be entitled to relief.

### C. Certificate of Appealability

The court will not issue a certificate of appealability under 28 U.S.C. § 2253(c) because Woodard has failed to make a substantial showing of the denial of a constitutional right or demonstrate that a reasonable jurist would debate the correctness of this ruling. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[9] A person has a Sixth Amendment right to counsel at a lineup or showup undertaken "'at or after initiation of adversary criminal proceedings--whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" *Moore v. Illinois*, 434 U.S. 220, 226 (1977) (quoting *Kirby v. Illinois*, 406 U.S. 682, 689 (1972)). If there has been a lineup or showup in which the defendant was improperly denied the right of counsel, all testimony relating to the out-of-court identification is inadmissible. *See Gilbert v. California*, 388 U.S. 263, 272-73 (1967). Also, a subsequent in-court identification would also be inadmissible unless the government can establish by clear and convincing evidence that the in-court identification was based upon the witness's observations other than at the lineup identification. *See United States v. Wade*, 388 U.S. 218, 241-42 (1967).

### III. CONCLUSION

Through the instant motion, Woodard is seeking to challenge the same judgment of conviction and sentence as he did in 2002, and the prior judgment on that section 2254 petition was on the merits. He has not attempted to attack a "defect in the integrity of the [prior] federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. Therefore, although Woodard attempts to portray yet another motion as a Rule 60(b)(6) motion that would allow him to bypass the requirements of a "second or successive" section 2254 habeas corpus petition, the instant motion raises a "claim" as defined by *Gonzalez* and, as such, it is in actuality a "second or successive" section 2254 petition. As Woodard has failed to obtain prior approval from the Third Circuit before filing this "second or successive" petition, this court lacks subject-matter jurisdiction to address the merits of the motion. Nonetheless, even if the court could consider the claims as part of a proper Rule 60 motion, Woodard is not entitled to relief. Accordingly, the court will dismiss the motion.

A separate order follows.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.