IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT L. WOODARD, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 02-8543 |
| | : | |
| v. | : | |
| | : | |
| JOHN E. WETZEL, et al., | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                  March 10, 2020

      The petitioner, a state inmate, moves under Rule 60(b) of the Federal Rules of Civil Procedure to reopen the judgment dismissing a petition for writ of habeas corpus under 28 U.S.C. § 2254 that he filed in 2002. Although the petitioner purports to move under Rule 60(b), this motion is actually an unauthorized second or successive habeas petition over which this court lacks jurisdiction. As such, the court dismisses the motion and will not issue a certificate of appealability.

## I.     PROCEDURAL HISTORY

      The *pro se* petitioner, Robert L. Woodard ("Woodard"),[1] filed his initial petition for a writ of habeas corpus in this court on November 19, 2002.[2] Doc. No. 1. In this petition, Woodard

---

[1] The court notes that some of the state court docket sheets incorrectly spell the petitioner's last name as "Woodward."
[2] Prior to filing this petition, a jury in the Court of Common Pleas of Philadelphia County had convicted Woodard of five counts of robbery, four counts of burglary, three counts of possessing an instrument of crime, and one count of rape on December 10, 1992. *See* Apr. 29, 2003 R. & R. at 1; *see also Commonwealth v. Woodard*, No. 2604 EDA 2013, 2014 WL 10936681, at *1, 4 (Pa. Super. May 23, 2014) (discussing procedural history of Woodard's state court criminal proceedings). On March 29, 1993, the state court sentenced Woodard to an aggregate term of 48 to 96 years' imprisonment. *See* Apr. 29, 2003 R. & R. at 1; *Woodard*, 2014 WL 10936681, at *4.
      The Pennsylvania Superior Court affirmed Woodard's convictions and sentence on May 5, 1994. *See* Apr. 29, 2003 R. & R. at 2; *Woodard*, 2014 WL 10936681, at *4. Woodard did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania; instead, he began a series of collateral attacks on his conviction. *Woodard*, 2014 WL 10936681, at *4. Proceeding *pro se*, Woodard filed his first petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541–9546 ("PCRA") on July 5, 1994. Apr. 29, 2003 R. & R. at 2. The state court appointed counsel to represent Woodard, and counsel then filed an amended PCRA petition on December 14, 1994. *Id.* The Court of Common Pleas denied this amended petition on September 9, 1996, and, after Woodard appealed, the Superior Court affirmed the trial court on May 14, 1998, and the Pennsylvania Supreme Court denied a petition for

asserted claims of ineffective assistance of counsel. *Id.* The petition was assigned to the Honorable William H. Yohn, Jr., now retired, who referred it to Magistrate Judge Diane M. Welsh, now retired, for the preparation of a report and recommendation. Doc. No. 3.

Magistrate Judge Welsh issued a report and recommendation on April 29, 2003, in which she recommended that Judge Yohn dismiss the petition as time-barred because Woodard filed it more than three years after the one-year period of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") had run. Apr. 29, 2003 R. & R. at 3–8 (citing 28 U.S.C. § 2244(d)(1)). Woodard filed exceptions to the report and recommendation on May 12, 2002, and May 22, 2003. Doc. Nos. 13, 14. By order dated July 9, 2003, Judge Yohn overruled Woodard's exceptions, approved and adopted the report and recommendation, denied and dismissed the habeas petition, and determined that there was no ground to issue a certificate of appealability. Doc. No. 15. Woodard appealed, but the Third Circuit denied his request for a certificate of appealability on December 11, 2003, Doc. No. 20, and later denied his petition for a rehearing on January 26, 2004. Docket, *Woodard v. Vaughn*, No. 03-3054 (3d Cir.).

Woodard then filed a federal habeas petition under 28 U.S.C. § 2241 on March 9, 2005.[3] *Woodard v. Diguglielmo*, Civ. A. No. 05-1109 (E.D. Pa.). Judge Yohn referred this petition to Magistrate Judge Welsh for a report and recommendation on May 5, 2005. Order, *Woodard v.*

---

allowance of appeal on October 6, 1998. *Id.* Although Woodard subsequently filed additional PCRA petitions in 1998 and 2000, the Court of Common Pleas dismissed them as untimely in 1999 and 2002, respectively. *Id.* The Pennsylvania Superior Court affirmed both of these dismissals. *Id.* Thus, by the time Woodard filed his first habeas petition in this court, the state courts had already fully reviewed the denial of his three PCRA petitions.

[3] In the petition, Woodard appeared to be attempting to have the court direct the Court of Common Pleas respond to a purported amended PCRA petition that he filed in 1996 while he was also represented by counsel. *See* Pet. Under 28 U.S.C. § 2241 for Writ of Habeas Corpus for Consideration of Constitutional Protections Against Unreasonable Inordinate Delay; Speedy Trial and Due Process Concerns at 3 ("Ten year [sic] have [sic] already passed since Petitioner Robert Woodard, acting pro se, filed his 1996 amended state PCRA motion . . ., and the Philadelphia County PCRA court has failed to act."). It is also possible that he was asserting that his PCRA counsel was ineffective in filing a defective amended PCRA petition. *See id.* at 2 ("PCRA counsel filed a defective amended PCRA petition and a memorandum of law.").

*Diguglielmo*, Civ. A. No. 05-1109 (E.D. Pa.), Doc. No. 3. On May 26, 2005, Magistrate Judge Welsh issued a report and recommendation that the court deny and dismiss the habeas petition because Woodard failed to assert a cognizable claim. R. & R., *Woodard v. Diguglielmo*, Civ. A. No. 05-1109 (E.D. Pa.), Doc. No. 4. Although Woodard filed objections (and supplemental objections) to the report and recommendation, Judge Yohn entered an order on October 4, 2005, which overruled the objections, approved and adopted the report and recommendation, denied and dismissed the habeas petition, and declined to issue a certificate of appealability. *Woodard v. Diguglielmo*, Civ. A. No. 05-1109 (E.D. Pa.), Doc. Nos. 5–7. Woodard filed a motion for reconsideration on October 24, 2005, which Judge Yohn denied via a memorandum and order on February 3, 2006. *Woodard v. Diguglielmo*, Civ. A. No. 05-1109 (E.D. Pa.), Doc. Nos. 8, 11.

Although Woodard did not seek a certificate of appealability from the denial of his section 2241 habeas petition, he filed an application for leave to file a second or successive habeas petition with the Third Circuit on December 27, 2006. *In re: Robert Woodard*, No. 06-5176 (3d Cir.). The Third Circuit denied his request for authorization to file a second or successive petition on January 17, 2007. *Id.*

Woodard filed his first motion under Federal Rule of Civil Procedure 60(b) on December 19, 2007, purportedly seeking relief from the court's July 9, 2003 order dismissing his first habeas petition.[4] Doc. No. 21. After receiving a response from the respondents and a reply from Woodard, Judge Yohn denied the Rule 60(b) motion on July 30, 2008.[5] *See Woodard v. Vaughn, et al.*, Civ. A. No. 07-5316, Doc. Nos. 3–5. Woodard filed a motion for reconsideration on August 12, 2008,

---

[4] The clerk of court docketed this Rule 60(b) motion in this action and also at Civ. A. No. 07-5316.
[5] It does not appear that an order was entered in the instant civil action denying the motion as the order was only docketed in Civ. A. No. 07-5316.

and Judge Yohn denied the motion on October 22, 2008. *See Woodard v. Vaughn, et al.*, Civ. A. No. 07-5316, Doc. Nos. 6–7.

Almost six years later, on May 12, 2014, Woodard filed a second motion under Rule 60(b)(6).[6] Doc. No. 26. On September 11, 2014, Judge Yohn filed a memorandum opinion and order denying this second Rule 60(b)(6) motion. Doc. Nos. 30, 31. Woodard filed a motion for reconsideration of the denial order that the clerk of court docketed on September 26, 2014. Doc. No. 32. Judge Yohn denied the motion for reconsideration via an order entered on October 1, 2014. Doc. No. 34.

Woodard filed a third "Motion to Vacate Order Denying Habeas Corpus Relief Pursuant to Fed.R.Civ.Proc. Rule 60(b)(6)" on or about November 12, 2015. Doc. No. 34. On November 17, 2015, then-Chief Judge Petrese B. Tucker reassigned this case from Judge Yohn's calendar to the undersigned's calendar. This court determined that Woodard's third Rule 60(b)(6) motion was actually an unauthorized second or successive habeas petition and, as such, the court denied the motion on February 29, 2016. Doc. Nos. 36, 37.

On June 9, 2016, the Clerk of Court docketed a fourth Rule 60(b)(6) motion from Woodard. Doc. No. 38. This court denied the motion on July 19, 2016. Doc. No. 39. Woodard then filed a fifth Rule 60(b)(6) motion, which the Clerk of Court docketed on June 15, 2018.[7] Doc. No. 40.

---

[6] While the clerk of court did not docket the motion until May 21, 2014, it appears that under the prisoner mailbox rule, Woodard submitted the motion to prison officials on May 12, 2014. Doc. No. 26 at 33. As such, the court uses May 12, 2014 as the filing date. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (concluding that a *pro se* prisoner's notice of appeal was considered filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk"); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (explaining that "a pro se prisoner's . . . petition is deemed filed at the moment he delivers it to prison officials for mailing").

[7] After looking at the state-court docket entries for one of Woodard's criminal matters related to this habeas action, namely No. CP-51-CR-220171-1992, it shows that the Court of Common Pleas of Philadelphia County entered an order on November 21, 2017, dismissing Woodard's **14th** PCRA petition. *See* Docket, *Commonwealth v. Woodward*, No. CP-51-CR-220171-1992 (Philadelphia Ct. Com. Pl.), *available at* https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-0220171-1992 (last accessed March 9, 2020). It appears that Woodard filed a motion for reconsideration, which the Court of Common Pleas denied on January 3, 2018. *Id.* Woodard appealed, and the Superior Court quashed the appeal on October 31, 2018. *Id.*

4

This motion was almost identical to the fourth Rule 60(b)(6) motion. *Compare* Doc. No. 38, *with* Doc. No. 40. The court entered a memorandum opinion and order on September 6, 2018, which denied the fifth Rule 60(b)(6) motion because it was (yet again) actually an unauthorized second or successive habeas petition. Doc. Nos. 43, 44.

On July 22, 2019, the clerk of court docketed Woodard's sixth Rule 60(b)(6) motion for relief. Doc. No. 47. In the motion, Woodard appears to argue that the Third Circuit's decision in *Reeves v. Fayette*, 897 F.3d 154 (2018), is an intervening change in controlling law, entitling him to relief.[8] Mot. to Vacate Order Denying Habeas Corpus Relief Pursuant to Fed. R. Civ. Proc. 60(b)(6) ("Mot.") at 1, 21. He also appears to argue that he is entitled to relief under *McQuiggins v. Perkins*, 569 U.S. 383 (2013), because the Supreme Court determined that a proven claim of actual innocence could allow a habeas petitioner to bypass a statute of limitations bar. *Id.* at 3–5. Woodard contends that the court should reopen his previously dismissed habeas petition to "allow for counseled brief on [his] constructive denial of counsel claim/not ineffective assistance of counsel, willfully prosecutorail [sic] misconduct, cause and prejudice, and miscarriage of justice." *Id.* at 22. He further asserts that he was "never given the chance to prove . . . that he was willfully denied his right to his court appointed counsel . . . during all of it's [sic] court-ordered pretrial hearings and lineups" in the state court criminal proceedings. *Id.* at 23. He also contends that the

---

Woodard apparently filed a **15th** PCRA petition in late 2018/early 2019. *Id.* Although Woodard amended his 15th PCRA petition in March 2019, the Court of Common Pleas dismissed it on April 8, 2019. *Id.* Woodard filed multiple notices of appeal to the Superior Court, and it appears that at least one of those appeals is still awaiting disposition with the Superior Court. *Id.*

[8] In *Reeves*, the Third Circuit "resolved the meaning of new evidence in the actual innocence context." 897 F.3d at 163. The court concluded that "when a petitioner asserts ineffective assistance of counsel based on counsel's failure to discover or present to the fact-finder the very exculpatory evidence that demonstrates his actual innocence, such evidence constitutes new evidence for purposes of the [*Schlup v. Delo*, 513 U.S. 298 (1995)] actual innocence gateway." *Id.* at 164.

5

assistant district attorney failed "to disclose relevant Brady material regarding these uncounseled proceedings."[9] *Id.*

## II. DISCUSSION

As indicated above, Woodard brings the instant motion under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c), in turn, provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of the order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

Because this is a federal habeas action, the court must evaluate whether the instant Rule 60(b) motion is actually an unauthorized second or successive habeas petition. AEDPA mandates that before a state prisoner may file a second or successive habeas petition in which he challenges

---

[9] Although Woodard calls these proceedings "uncounseled," he makes clear in his motion that "standby counsel" was present at each of the proceedings to which he is referring. *See* Mot. at 6–7, 11–13.

6

a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010) ("If an application [for a writ of habeas corpus] is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court."); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014) (interpreting motion to recall mandate and reinstate direct appeals as successive habeas motion); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam) (addressing requests for authorization to file successive habeas petition under section 2254 to raise claims under *Miller v. Alabama*, 567 U.S. 460 (2012)). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals have divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither sought nor received authorization from the Court of Appeals before filing his . . . 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. *See Sutton v. Commonwealth*, Civ. A. No. 17-109 Erie, 2018 WL 4599825, at *2 (W.D. Pa. Sept. 25, 2018) (explaining that "the Petitioner could not avoid AEDPA's second or successive gatekeeping mechanism[,] by simply designating a filing as a Rule 60(b) motion" (internal quotation marks and citations omitted)); Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (explaining that "a [habeas]

petitioner is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is").

The starting point for analyzing whether the instant motion is actually a second or successive habeas petition is *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In *Gonzalez*, the United States Supreme Court addressed the circumstances in which the use of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, consequently, unavailable to a state prisoner seeking habeas relief.[10] 545 U.S. at 526 (addressing "whether, in a [section 2254] habeas case, such motions are subject to the additional restrictions that apply to 'second or successive' habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(b)"). The Court explained that courts must construe a Rule 60(b) motion as a "second or successive habeas corpus application" when it advances "one or more 'claims.'" *Id.* at 531–32 (quoting 28 U.S.C. § 2244(b)(1), (2)). The Court observed that "[i]n most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* at 532. In addition, the Court instructed that a petitioner is actually advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion seeking to present newly discovered evidence in support of a claim that the court previously denied represents a habeas claim. *Id.*

---

[10] Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted; alteration in original) (quoting now-Rule 12 of the Rules Governing Section 2254 Cases).

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532, n.4.

Here, the court must analyze whether Woodard's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear – Woodard's Rule 60(b) motion can only be viewed as a successive habeas petition. Woodard is not challenging the procedural ruling made in the course of denying his petition as time-barred. Rather, he argues that he was constructively denied counsel at various pretrial hearings, lineups, and proceedings in his state court case which amounted to a violation of his Sixth Amendment right to counsel. This is not a proper basis for relief under Rule 60(b).[11] Therefore, the court construes the instant motion as an unauthorized second or successive habeas petition to the extent he is challenging his judgment of sentence. Because Woodard has not received authorization from the Court of Appeals to file another federal habeas petition to attack that judgment of sentence, this court lacks jurisdiction to consider those claims.[12]

### III. CONCLUSION

As explained above, Woodard's purported Rule 60(b) motion is actually an unauthorized second or successive habeas petition. Thus, the court lacks jurisdiction over the motion and must

---

[11] To the extent that Woodard is arguing that *Reeves* or *McQuiggins* is a change in substantive law requiring relief under Rule 60(b)(6), the Supreme Court has stated that "such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531.

[12] Even if the court did not conclude that the instant motion is actually a second or successive habeas petition, Woodard would not be entitled to relief under Rule 60(b) for the same reasons the court set forth in the September 6, 2018 memorandum opinion addressing Woodard's last Rule 60(b) motion. *See* Mem. Op. at 9–11, Doc. No. 43. Further, Woodard has not identified any evidence that would qualify as "new evidence" under *Reeves* and which shows that he was actually innocent of the crimes for which a jury convicted him.

dismiss it. The court also finds that there is no probable cause to issue a certificate of appealability.[13]

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[13] The court will not issue a certificate of appealability under 28 U.S.C. § 2253(c) because Woodard has failed to make a substantial showing of the denial of a constitutional right or demonstrate that a reasonable jurist would debate the correctness of this procedural ruling with respect to Woodard's claims. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).